Local No. 736 International Association of Firefighters, Appellant, *v.* Firemen's Civil Service Commission.

Argued January 8, 1971. Before BELL, C. J., JONES, EAGEN, O'BRIEN, ROBERTS, POMEROY and BARBIERI, JJ.

*Sidney A. Simon,* for appellant.

*John P. Campana,* City Solicitor, with him *Ambrose R. Campana,* Assistant City Solicitor, for appellees.

OPINION BY MR. JUSTICE ROBERTS, April 22, 1971:

This is an appeal from a decree of the Court of Common Pleas of Lycoming County dismissing a complaint in equity.

On February 5, 1970, appellant Local 736, International Association of Firefighters, filed a complaint in equity against the Firemen's Civil Service Commission of the City of Williamsport, the Williamsport City Council, and the members of both of those bodies. The complaint alleged that the Commission had accepted employment applications for the position of fireman from numerous persons residing outside of the City of Williamsport in violation of the Act of May 31, 1933, P. L. 1108, §4, 53 P.S. §39864, which provides, inter alia, that "[e]ach applicant shall have been a resident of the city in which he seeks employment for one year next preceding date of his application" and that disregard of this statutory residency requirement would result in irreparable harm to Local 736 and its members. The prayer for relief sought a decree enjoining the ac-

ceptance of applications from nonresidents or their certification as being eligible for appointment and directing that any such appointments already made be revoked.

After the complaint had been amended to include an allegation that appellant had no adequate remedy at law, preliminary objections in the nature of a demurrer were filed. Without any disposition of the objections, the matter proceeded to hearing, at which time appellant's president testified that the Firemen's Civil Service Commission's waiver of the one year residency requirement would cause (1) a heavy influx of employes who would be satisfied with lower wages and thereby reduce the bargaining strength of the union's existing membership, (2) a decrease in employe efficiency and dependability, and (3) a dilution of the strength of the Firemen's Civil Service Act by use of an employment practice contrary to one of the act's express provisions.

On the basis of the pleadings and testimony of appellant's president, the chancellor sustained the preliminary objections and dismissed the complaint for failure to state a cause of action. This appeal followed.

We agree that appellant is not entitled to relief. Although illegal acts are not immune from equity's reach because they are committed by public officials, see, e.g., *Bechak v. Corak*, 414 Pa. 522, 201 A. 2d 213 (1964), it is firmly settled that the existence and violation or threatened violation of a protected right are prerequisites to the granting of an injunction. *Williams v. Bridy*, 391 Pa. 1, 7, 136 A. 2d 832, 836 (1957); *Myersdale & Salisbury Street Rwy. Co. v. Pennsylvania Rwy. Co.*, 219 Pa. 558, 565-66, 69 Atl. 92, 94 (1908). In this regard, we are in accord with the chancellor's conclusion that the statutory one year residency requirement was not intended to and does not confer any rights up-

on existing fire department employes or their collective bargaining agent.

The much more natural interpretation of the residency requirement is that it was intended to ensure a familiarity with local geography and fire hazards and perhaps, although less tangible, to promote a sense of community in the firemen charged with protecting the lives and property of the local residents. The acceptance of new applications in no way affects those already employed and protected by the provisions of the Firemen's Civil Service Act. Although appellant's president expressed his fear of a heavy influx of new employes, there is no indication and we will not presume that the Legislature intended the residency requirement to be a device for restricting competition for a limited number of fire department positions.

Since the statutory one year residency requirement does not confer any protected right upon appellant or its members, appellant has no standing to seek an injunction directed toward its enforcement.

Aside from the merits, appellant contends that the chancellor erred in sustaining the preliminary objections to its complaint after having received testimony, especially when the decision to dismiss the complaint was based at least in part on that testimony. However, as we have concluded as a matter of law that appellant has no right to enforcement of the residency requirement, this procedural irregularity was certainly harmless.

The decree of the Court of Common Pleas of Lycoming County dismissing appellant's complaint is affirmed. Each party to pay own costs.