26 Pa. Commonwealth Ct. 513 (1976)
Fraternal Order of Police, E.B. Jermyn Lodge No. 2
v.
City of Scranton (Penna.), Appellant.
No. 153 Misc. Dkt.
Commonwealth Court of Pennsylvania.
Argued September 10, 1976.
October 7, 1976.
Argued September 10, 1976, before Judges CRUMLISH, JR., WILKINSON, JR. and ROGERS, sitting as a panel of three.
Ralph J. Iori, Jr., Assistant City Solicitor, with him David J. Reedy, Jr., City Solicitor, for appellant.
Anthony P. Moses, for appellee.
*514 OPINION BY JUDGE ROGERS, October 7, 1976:
Rule 2101 of the Rules of Judicial Administration of our Supreme Court provides that the Commonwealth Court shall review awards of arbitrators appointed in conformity with an Act of Assembly to arbitrate disputes between public employers and their employees.[1] Our scope of review in this case is limited to a determination of the legality of the present award. Washington Arbitration Case, 436 Pa. 168, 259 A.2d 437 (1969).
The controversy before us arises under the terms of the Act of June 24, 1968, P.L. 237, as amended, 43 P.S. § 217.1 et seq. (commonly referred to as Act 111), which governs the process of collective bargaining between political subdivisions and their policemen and firemen. Pursuant to Act 111, the City of Scranton entered into collective bargaining with the members of its police force. Since these negotiations resulted in an impasse, the parties resorted to the binding arbitration provisions of the Act. The resulting award of the arbitrators contained the following disputed provision:
"Each police officer who has completed or will complete the requirements for an Associates Degree (60 college credits) shall receive an additional one (1%) percent of the officer's regular base pay for that year. Each police officer who has been awarded a college degree or who earns one during the course of this contract shall receive an additional two (2%) percent of the police officer's regular base pay." Paragraph 9 of the Award of Board of Arbitrators.
*515 Appellant City of Scranton contends that this provision is invalid for it deals with a subject which is beyond the scope of the arbitrator's power.
Under Section 1 of Act 111, 43 P.S. § 217.1, the right of policemen and firemen to bargain collectively extends only to matters which constitute "terms and conditions of their employment, including compensation, hours, working conditions, retirement, pensions and other benefits." Consequently, the permissible scope of an arbitrator's authority under Act 111 is likewise limited to legitimate terms and conditions of employment. Thus, the sole question raised by this appeal is whether or not payment for educational achievement is a proper subject for bargaining.
The payment scheme envisioned by the award would clearly qualify as a "benefit" to the members of the Scranton police force under any common definition of that word. However, Cheltenham Township v. Cheltenham Township Police Department, 11 Pa. Commonwealth Ct. 348, 312 A.2d 835 (1975), dictates that we apply a narrower definition to the phrase "other benefits." The Cheltenham case raised the question of whether the practice of using police vehicles to pick up and deliver officers to their homes incident to going on and off duty was a bargainable issue within the ambit of Act 111. We held that such a service was not an "other benefit" within the intended legislative meaning of that phrase because it bore no rational relationship to the performance of a policeman's duties and reached a subject outside the course of his employment. Cheltenham Township, supra at 355, 312 A.2d at 839.
Appellees indicate that the theory behind the payment for educational achievement provision is that police officers who earn the degrees in question will be better prepared to perform their public duties. *516 While the wisdom of such an approach may be open to question, we cannot say that these benefits bear no rational relationship to the performance of a policeman's tasks. Therefore, we must conclude that the grant of these educational benefits was not an instance of excessive exercise of power by the arbitrators.
We are fully cognizant of the fact that the scope of collective bargaining between political subdivisions and their employees is of a more limited nature than mandated bargainable issues applicable to the private sector. Cheltenham Township v. Cheltenham Police Department, supra at 355, 312 A.2d at 839; Washington Arbitration Case, supra at 177, 259 A.2d at 442. However, we have no cases, and none have been pointed out to us, which would indicate that the subject matter herein would be excluded from mandated bargaining between private parties.
In conclusion, we hold that the payment for educational degrees paragraph of the Scranton award constitutes "compensation and other benefits" within the meaning of Act 111 and is therefore a proper subject for an arbitration award. And since the city is legally capable of performing the award, it must carry out the provisions of that award. Tate v. Antosh, 3 Pa. Commonwealth Ct. 144, 281 A.2d 192 (1971).
Affirmed.

ORDER
AND NOW, this 7th day of October, 1976, the order of the Board of Arbitrators Award of January 7, 1976 is affirmed and the appeal therefrom dismissed.
NOTES
[1] City of Reading v. Reading Lodge Fraternal Order of Police No. 9, 15 Pa. Commonwealth Ct. 344, 325 A.2d 675 (1974). Rule 2101 was rescinded by Pennsylvania Rules of Appellate Procedure 5104, Nov. 5, 1975. The appeal in this case was filed prior to the effective date of rescission, July 1, 1976.