William A. Flood, Frank Gaster, et al. *v.* Borough of Canonsburg, Louis R. Bell, Jr., et al. Borough of Canonsburg, Appellant.

Argued October 29, 1976, before Judges CRUMLISH, JR., KRAMER and MENCER, sitting as a panel of three.

*Frank C. Roney,* for appellant.

*Stanford A. Segal,* with him *Gatz, Cohen, Segal & Koerner,* and *Michael E. Kusturiss,* for appellees.

OPINION BY JUDGE KRAMER, January 19, 1977:

This is an appeal by the Borough of Canonsburg (Borough) from an order of the Court of Common Pleas of Washington County dismissing its preliminary objections to a complaint in assumpsit brought by some of its policemen for the recovery of wages allegedly due them by the terms of a collective bargaining agreement.[1] After carefully considering the Borough's objections, which are centered on the lower court's jurisdiction over the cause of action, we conclude that the lower court is correct in its ruling and therefore affirm.

---

[1] The agreement was entered into pursuant to the Act of June 24, 1968, P.L. 237, 43 P.S. §217.1 et seq. (Act 111), which governs collective bargaining between policemen and firemen and the political subdivisions which employ them.

The Borough properly argues that the present appeal is one authorized by Section 1 of the Act of March 5, 1925, P.L. 23, 12 P.S. §672 (Act of 1925). This allows appeals from lower court orders whenever "the question of jurisdiction over the defendant or the cause of action for which suit is brought is raised in the court of first instance." The Borough asserts in its preliminary objections that either Act 111 or the collective bargaining agreement provides the plaintiffs with the exclusive remedy of arbitration to settle their grievance over wages. This assertion properly raises the issue of the lower court's jurisdiction over the cause of action and is therefore appealable.

The Borough first asserts that Act 111 provides for arbitration of grievances concerning wages and that this remedy preempts the jurisdiction of the Common Pleas Court over assumpsit claims. It cites and relies upon *West Homestead Borough School District v. Allegheny County Board of School Directors*, 440 Pa. 113, 269 A.2d 904 (1970); *Commonwealth v. Glen Alden Corporation*, 418 Pa. 57, 210 A.2d 256 (1965); and *Philadelphia v. Franklin Smelting and Refining Company, Inc.*, 3 Pa. Commonwealth Ct. 626, 284 A. 2d 339 (1971). All of the decisions cited are distinguishable from the facts here because in each there existed a clear, exclusive, statutory administrative remedy for the complaint sought to be pursued in the Common Pleas Court. Act 111 does not require or even provide for arbitration of grievances arising under collective bargaining agreements. Its provision for arbitration applies only to the process of collective bargaining and furnishes an exclusive remedy only for impasses arising during that process. On the other hand, it is well established that the Court of Common Pleas has jurisdiction over actions involving claims under collective bargaining agreements. *See Tate v.*

*Antosh,* 3 Pa. Commonwealth Ct. 144, 281 A.2d 192 (1971).

Appellant argues alternatively that regardless of whether or not the arbitration provision in Act 111 extends to grievances arising under a collective bargaining agreement, the lower court still lacks jurisdiction over the subject matter. The Borough contends that a grievance procedure, incorporating the arbitration provision contained in Act 111, is provided for in the collective bargaining agreement between the parties and is the sole and exclusive remedy of appellees. This Court has held that such a grievance procedure is not within the ambit of "terms and conditions of employment" to which Act 111 is applicable. *Allegheny County Firefighters, Local 1038, International Association of Firefighters v. Allegheny County,* 7 Pa. Commonwealth Ct. 81, 299 A.2d 60 (1973). It is therefore not a proper matter for collective bargaining under Act 111 and is ineffective in providing a remedy to plaintiffs. *Cheltenham Township v. Cheltenham Police Department,* 8 Pa. Commonwealth Ct. 360, 301 A.2d 430 (1973).

Finally, the Borough argues that its preliminary objection based upon the fact that one of the plaintiffs was not a member of the collective bargaining unit covered by the labor agreement and had no claim thereunder somehow raises a "question of jurisdiction" under the Act of 1925. The test of jurisdiction under the Act of 1925 is the competency of the court to determine controversies of the general class to which the case presented for its consideration belongs. The Act is not concerned with a plaintiff's right to recover on his cause of action, but only with his right to have his cause of action heard. *Witney v. Lebanon City,* 369 Pa. 308, 312, 85 A.2d 106, 108 (1952). The question of whether this plaintiff has rights under the contract is not jurisdictional.

Affirmed.

252

ORDER

AND Now, this 19th day of January, 1977, the order of the Washington County Court of Common Pleas No. 2, July Term 1975 A.D., dated September 15, 1975, dismissing the preliminary objections of defendant Borough of Canonsburg is hereby affirmed.