Easton Area Joint Sewer Authority, Appellant *v.* Bushkill-Lower Lehigh Joint Sewer Authority, Appellees.

Argued June 11, 1982, before Judges BLATT, WILLIAMS, JR. and DOYLE, sitting as a panel of three.

554

*Karl H. Kline,* with him *Stanley E. Stettz, Teel, Stettz, Shimer and DiGiacomo, Ltd.,* for appellant.

*John Molnar, Cassebaum, McFall & Molnar, P.C.,* for appellee, Plainfield Township.

*Gary N. Asteak,* for appellee, Bushkill Township.

*Charles S. Smith, Joseph M. Reibman, Reibman and Reibman, Donald Himmelreich, Raymond C. Haggerty, Thomas Stitt, Elwood Malos, James G. Sheenan,* Assistant United States Attorney, *Thaddeus J. Bartkowski,* Law Offices of *Donald J. Farage,* for additional appellees.

OPINION BY JUDGE WILLIAMS, JR., February 3, 1983:

This case comes before the Court on appeal by the plaintiff below from a dismissal of certain defendant municipalities from an assumpsit and trespass action. The trial court sustained preliminary objections in the nature of a demurrer. We reverse that order and remand for further proceedings.

On June 24, 1976, Easton, Forks Township, Palmer Township, West Easton Borough, Wilson Borough, and the Bushkill-Lower Lehigh Joint Sewer Authority (BLLA)[1] entered into an agreement by which they incorporated the Easton Area Joint Sewer Authority (EAJSA) to effectuate the planned expansion of the Easton Sewage Treatment Plant, and to provide sewage treatment facilities for the mutual benefit of the incorporators. Easton agreed to lease its treatment plant to EAJSA; Palmer, Forks and BLLA agreed respectively to pay 35.5%, 20.9%, and 43.6% of the construction costs outstanding after federal and state grant moneys had been exhausted on the expansion of Easton's plant.

The agreement established that EAJSA be composed of fourteen members with a total of ten votes between them. The four members appointed by Easton, and the four appointed respectively by West Easton, Forks, Wilson, and Palmer were to have one vote each; the six members appointed by the six municipalities which incorporated BLLA, one from each municipality, were to share the remaining two votes, even though the said municipalities were not parties to the agreement. EAJSA was to administer the expansion and operation of the enlarged plant.

In early 1981, EAJSA filed a complaint in Northampton County Court of Common Pleas consisting of nine causes of action in assumpsit and six in trespass. The prayers for relief can be classified thus:

(1)  Judgment against BLLA for $1,763,-805.75 plus interest and the administrative costs

---

[1] The Bushkill-Lower Lehigh Joint Sewer Authority is a municipal authority incorporated by the boroughs of Tatamy and Stockertown, and the townships of Bushkill, Plainfield, Palmer, and Upper Nazareth at some time prior to June, 1976. Its purpose was to construct and operate a sewage collection and treatment system within the municipalities which created it.

of negotiating a loan in that amount, based upon allegations that BLLA had failed to pay its share of the excess construction costs and EAJSA had been required to borrow the funds.

(2) Judgment in the above amount against each of the individual municipalities which had incorporated BLLA for their respective failures to provide BLLA with money with which it could, in turn, pay EAJSA, based upon allegations that (a) they authorized BLLA to negotiate with the other EAJSA incorporators regarding sewage treatment, and (b) they are third party beneficiaries of the contract.

(3) Judgment in the above amount against the same individual municipalities for intentional and unjustifiable interference with BLLA's performance of its contractual obligations, and procurement of its breach of the June 24, 1976 agreement, by their several failures to provide money to BLLA.

(4) Judgment against the same municipalities for their breach of an alleged oral representation that they would be responsible for paying their total share of EAJSA's operating budget.

Several defendants[2] filed demurrers[3] to the complaint, asserting (1) that EAJSA had failed to set

----

[2] The facts as presented are limited to those aspects of the action presently before this Court for review. The relevance of the companion declaratory judgment matter and the additional defendants to the situation *sub judice* is not clearly established on the record. We focus our attention on "that part of the Order which dismisses all defendants other than Bushkill-Lower Lehigh Joint Sewer Authority from the Assumpsit and Trespass actions," since the Notice of Appeal so limits itself.

[3] Although entitled "demurrers," the pleadings also contain material which would properly appear in Answers, insofar as they deny a "contractural (sic) obligation" between the parties.

forth a legal basis for the townships' alleged duty to provide BLLA with enough money to meet its obligations, (2) that they have neither a legal nor a contractual obligation to pay any of BLLA's operating budget, (3) that the Municipality Authorities Act of 1945[4] specifically provides that an authority shall not have the power to pledge the financial resources of a political subdivision, and (4) that they are not signatories to the agreement from which EAJSA's cause of action allegedly springs.

The trial court dismissed the complaint with regard to each of the municipal defendants, sustaining all demurrers. EAJSA appealed that decision to this Court, assigning as error that failure of the common pleas court to recognize and therefore address (1) the issue of intentional interference in a contractual relationship, and (2) the cause of action in assumpsit raised in Count 15, in which the appellant alleges breach of an oral representation upon which it relied in developing its budget. Review of such errors of law is within the limits of our scope of review. *Mid Valley Taxpayers Association v. Mid Valley School District,* 52 Pa. Commonwealth Ct. 402, 407, 416 A.2d 590, 592 (1980).

In an appeal from an order sustaining preliminary objections in the nature of a demurrer, we are constrained to examine only those well-pleaded facts in the complaint, since a demurrer admits those facts and any inferences reasonably deducible therefrom, for purposes of such a determination. *Robinson v. Department of Justice, Bureau of Corrections,* 32 Pa. Commonwealth Ct. 77, 377 A.2d 1277 (1977). In that examination, we bear in mind that dismissal of a complaint on preliminary objections should occur only in cases which are clear and free from doubt. *Legman v.*

---

[4] Act of May 2, 1945, P.L. 382, *as amended,* 53 P.S. §§301-322.

*Scranton School District,* 432 Pa. 342, 247 A.2d 566 (1968). Any reservation relative to the legal possibility of recovery should be resolved by refusing to sustain the demurrer. *Allstate Insurance Company v. Fioravanti,* 451 Pa. 108, 299 A.2d 585 (1973).

In this instance the plaintiff/appellant has alleged that there was an oral representation made by the defendant municipalities that they would be responsible for their share of the EAJSA operating budget. Assuming that such a representation was made, there exists the possibility that the law would allow recovery by EAJSA. Appellant has further alleged that the municipalities performed, or failed to perform, certain enumerated acts which, if done or not done, could[5] support a determination that the said municipalities interfered with BLLA's performance of its commitments under the agreement of June, 1976. Also included in the complaint was an assertion that BLLA was "authorized" by its incorporators to negotiate with Easton, *et al.,* for the development of the EAJSA. An acceptance of the allegation as true, for the purposes of a demurrer, raises the spectre of an agency relationship which cannot be repressed by preliminary objections.

The Court therefore holds that the common pleas court erred in sustaining the demurrers and dismissing the complaint in this action. We reverse the order of August 26, 1981 and remand for further proceedings.

### Order

And Now, this 3rd day of February, 1983, the order of the Court of Common Pleas of Northampton County, entered to dockets No. 1981-C-893 and 1981-C-

---

[5] The Court does not address the merits of this possibility. The simple fact that the possibility exists is sufficient to dismiss a demurrer. *Legman.*

12166, is hereby reversed insofar as it dismisses all defendants other than Bushkill-Lower Lehigh Joint Sewer Authority from the Assumpsit and Trespass action by sustaining demurrers filed by those parties. The case is remanded for further proceedings.

Jurisdiction relinquished.